UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| CRISTINA TITSWORTH,<br><br>       Plaintiff,<br><br>v.<br><br>COMMUNITY ALTERNATIVES ILLINOIS, INC.,<br><br>       Defendant. | Case No. 12-2206 |

REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion for Relief Pursuant to Federal Rule of Civil Procedure 37(b) (#20). Plaintiff has filed a Response to Defendant's Motion for Relief Pursuant to FRCP 37(b) (#22).

## I. Background

Defendant describes its attempts to obtain discovery in its motion. Briefly, Defendant first served interrogatories and a request to produce in December 2012. When Plaintiff did not answer the discovery requests, Defendant filed a Motion To Compel (#16). Plaintiff did not respond to the motion to compel and the Court granted the motion, ordering Plaintiff to answer and noting that Plaintiff had waived any objections to discovery. (Text Order dated April 3, 2013.) Plaintiff subsequently provided responses. Defendant found them nonresponsive and inadequate and sent Plaintiff's counsel a letter on April 15, 2013, explaining the deficiencies and requesting supplemental responses. Plaintiff provided some limited information on May 15, 2013, but did not respond to the issues raised in Defendant's letter. On May 23, 2013, Plaintiff's counsel sent a letter but did not include any additional responses that were signed, under oath, by Plaintiff. Around June 3, 2013, counsel for both parties discussed discovery issues. Defense counsel summarized those issues in a letter dated June 4, 2013, and requested a response. Plaintiff did not respond. On June 14, 2013, defense counsel sent another letter requesting

supplemental discovery responses.  Plaintiff did not respond.  Defendant then filed its motion for sanctions.  The Court took the motion under advisement and began to supervise discovery.

## II. Discussion

Defendant's motion alleges that Plaintiff's answers to interrogatories were nonresponsive, the answers were not sworn under oath, many responses improperly referred to documents that were not attached to the interrogatories or that were not business records, and much of the requested information was not provided.  Plaintiff disagrees with Defendant's characterization of her responses as nonresponsive, and states that she has formally supplemented her initial answers to interrogatories and responded to the issues Defendant raised.  She also states that the supplementation included signed attestation pages.

The Court would describe Plaintiff's approach to discovery as cavalier.  She has not taken seriously the obligations she voluntarily assumed when she filed suit in federal court, as evidenced by the Court's order granting Defendant's motion to compel when Plaintiff failed to respond to discovery served in December 2012.  Moreover, even after the Court ordered Plaintiff to respond, she failed to comply in a reasonable manner, as further evidenced by the inadequate responses she provided after the Court ordered her to answer.

For example, when Defendant asked Plaintiff to "describe in detail each element of damages you are claiming in this case, including but not limited to the amount of each element of damages, and set forth the method of calculating such damage," Plaintiff responded, "See Plaintiff's Complaint."  (#20, ¶ 11.)  Such an answer to an interrogatory seeking particulars about the relief requested in Plaintiff's complaint is an affront to the orderly process of discovery.

In addition, the interrogatories appear to have been answered by Plaintiff's attorney rather than by Plaintiff, and Plaintiff's attorney, not Plaintiff, signed the interrogatories, thus violating Federal Rule of Civil Procedure 33.  *See* Thomas A. Mauet, *Pretrial*, 237 (2008) ("The answers must be signed and sworn to by the party making them.  The signature of the party's lawyer does *not* comply with the rule." (emphasis in original)).  Although Plaintiff's compliance with discovery improved over time, that occurred only after Defendant was forced to seek

assistance from the Court and the Court undertook to supervise the process.  Accordingly, the Court concludes that sanctions are warranted.

### III.  Relief

Defendant seeks the following relief:  (1) prohibiting Plaintiff from claiming any alleged damages for anxiety or depression; (2) prohibiting Plaintiff from introducing any evidence of anxiety, depression, or any other form of mental suffering; (3) prohibiting Plaintiff from claiming damages for wage loss or any other economic benefit; and (4) other relief that the Court considers appropriate.

The Court finds that the requested relief is too harsh.  Regarding Defendant's request that the Court bar any claims for anxiety and depression, the Court concludes that Plaintiff should be allowed to describe her feelings and what she perceives about herself, but the Court recommends prohibiting Plaintiff from presenting evidence from any treating source on this topic.  Regarding Defendant's request for lost wages, the Court finds that the answer to interrogatory 10 was not evasive.  The Court will not penalize Plaintiff because she has had difficulty obtaining information from the IRS.

As to Defendant's request for other relief, Plaintiff's inadequate and dilatory responses to Defendant's discovery requests made it necessary for Defendant to seek the Court's assistance.  The Court subsequently found it necessary to provide extra supervision so that Plaintiff would take her discovery obligations seriously.  Accordingly, the Court recommends that Plaintiff be ordered to pay costs and attorney fees reasonably incurred by Defendant in connection with Defendant's efforts to obtain proper responses to its discovery requests.

### IV.  Conclusion

For the reasons stated above, the Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), **GRANTING** Defendant's Motion for Relief Pursuant to Federal Rule of Civil Procedure 37(b) **(#20)**, and ordering the following relief:  (1) barring evidence from any treating source on the issue of Plaintiff's depression and anxiety; and (2) ordering Plaintiff to pay costs and attorney fees reasonably incurred by Defendant in connection with Defendant's efforts

to obtain proper responses to its requests. Defendant shall file an affidavit of fees and costs within twenty-one (21) days after entry of an order on this Report and Recommendation.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) working days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

ENTERED this 17th day of January, 2014.

                                                    s/DAVID G. BERNTHAL
                                         UNITED STATES MAGISTRATE JUDGE